# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 2894 | **DATE** | 8/8/2000 |
| **CASE TITLE** | Robert Lamont Jernigan vs. Thomas Page | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We deny [1-1] the Section 2254 habeas corpus petition of petitioner Robert Jernigan. This case is hereby terminated. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | 8-14-00 date docketed | |
| | Notified counsel by telephone. | | | 17 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 00 AUG 11 PM 4:39 | date mailed notice | |
| TSA | courtroom deputy's initials tsa | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT LAMONT JERNIGAN, )
)
Petitioner, )
)
v. ) No. 97 C 2894
)
THOMAS PAGE, ) Honorable Wayne R. Andersen
)
Respondent. )
)
)

## MEMORANDUM, OPINION AND ORDER

This case is before the court on petitioner Robert Jernigan's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petition is denied.

## BACKGROUND

The petitioner, John Ramey and Lorenzo White were convicted in separate jury trials of murder, home invasion, residential burglary and robbery in the Circuit Court of Cook County, Illinois, after police discovered the bound, gagged and beaten body of a 65 year-old woman in her apartment. Lorenzo White confessed that he had driven Ramey and the petitioner to the building located at Jackson and Homan streets with full knowledge that Ramey and the petitioner intended to burglarize the apartment on the second floor. White waited in the car while Ramey and the petitioner entered the building. About 30 minutes later, Ramey and the petitioner returned to the car carrying two bags. They then split the proceeds of the robbery.

Petitioner was sentenced to natural life imprisonment to run consecutively with an extended 60-year term of imprisonment. Petitioner appealed his conviction to the Illinois Appellate Court,

First Judicial District. On appeal, petitioner raised the following issues: 1) the trial court erred in failing to quash his unlawful arrest and suppress evidence obtained therefrom; 2) the trial court erred when it admitted prejudicial hearsay testimony and the victim's coin purse into evidence; 3) the State failed to prove him guilty beyond a reasonable doubt; and 4) the sentence was excessive and should be vacated or reduced.

The Illinois Appellate Court affirmed the conviction on December 30, 1992 in a published opinion, People v. Ramey, 240 Ill. App.3d 456, 608 N.E.2d 512 (1st Dist. 1992). The Illinois Appellate Court found that, based on the evidence presented at the hearing on petitioner's motion to quash arrest and suppress evidence, the facts and circumstances within the arresting officer's knowledge were sufficient to support a finding of probable cause for the arrest. The Appellate Court also held that the coin purse was highly relevant to whether a robbery or burglary occurred and that any error in admitting hearsay testimony was harmless error. Furthermore, based on overwhelming evidence of petitioner's guilt, the State proved petitioner guilty beyond a reasonable doubt. In regards to petitioner's sentence, the Appellate Court found that the trial court did not abuse its discretion when it ruled that the victim's murder was accompanied by exceptionally brutal or heinous behavior and sentenced the petitioner to a term of natural life to run consecutively with an extended 60-year term of imprisonment.

Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, raising the following issues: 1) petitioner's custodial statements made to the police should have been suppressed and his arrest quashed as he was arrested without probable cause and without an arrest warrant; 2) the evidence brought out at trial does not prove the petitioner guilty beyond a reasonable doubt when there were no inculpatory statements; 3) petitioner was prejudiced by

2

improper use of hearsay evidence and the admission into evidence of the coin purse; and 4) the Appellate Court improperly failed to reduce the petitioner's sentence which was excessive. The petition for leave to appeal to the Illinois Supreme Court was denied on October 6, 1993. Petitioner did not file a petition for post-conviction relief.

Petitioner then filed his petition for writ of habeas corpus which is currently before this Court. In his petition, petitioner raises the following grounds for relief: 1) the trial court violated his Sixth Amendment right to confrontation and his Fourteenth Amendment right to due process in allowing the use of prejudicial hearsay by a police officer concerning a conversation the officer had with Alfonsa White; and 2) the trial court improperly denied petitioner's motion to suppress his statements obtained as a result of an arrest made without probable cause.

## LEGAL STANDARD

Petitioner's petition is governed by the amendments to 28 U.S.C. § 2254. Subsection (d) of Section 2254 governs the consideration of any claim adjudicated by a state court on its merits. See Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). Under Section 2254(d)(1), habeas relief may be awarded only if the state court's adjudication of the claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Under Subsection (d)(2), habeas relief is possible only if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the state court. Lindh, 96 F.3d at 868-71. The "unreasonable application" exception of Section 2254(d)(1) applies to mixed questions of law and fact, and thus where the

3

state court offers "a responsible, thoughtful answer" after "full opportunity to litigate" the question, a federal court on habeas review must accept that answer as "adequate to support the judgment." Lindh, 96 F.3d at 871.

A federal court cannot address the merits of constitutional claims brought in a petition for habeas corpus relief, however, unless the state courts have had a full and fair opportunity to review them. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991); United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1131-32 (7th Cir. 1990). The district court must make two inquiries: (1) whether the petitioner has exhausted all available state remedies; and (2) whether the petitioner raised all of his claims during the course of the state proceedings. Farrell v. McGinnis, 502 U.S. 944 (1991); Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). If the answer is "no," the petition is barred either for failure to exhaust state remedies or for procedural default. Id.

In order to avoid a procedural default, a federal habeas petitioner must show that he raised the claims contained in his habeas corpus petition during the state proceedings and that he afforded the highest state court an opportunity to address these claims. See Cawley v. Detella, 71 F.3d 691, 694 (7th Cir. 1995). In Illinois, a habeas petitioner is required to raise all arguments before the Illinois Supreme Court, even though the Court has discretionary control over its docket. See O'Sullivan v. Boerckel, 526 U.S. 838, 843, 848 (1999). A federal court's review of a habeas claim is barred if the State in which the petitioner was convicted treats the failure to appeal as a procedural default barring further review. Id.

## DISCUSSION

I. Hearsay Statements

At trial, Detective Cornelison testified that he asked Alfonsa W., petitioner's girlfriend, whether the petitioner had given her a black coin purse or a key chain purse. Cornelison stated that Alfonsa W. responded affirmatively and gave him a small black purse, which was admitted into evidence after it was identified as one of the items taken from the victim's apartment in the robbery. Defense counsel failed to object. Petitioner now argues that the admission of this alleged prejudicial hearsay testimony denied him his right to a fair trial and his Sixth Amendment right to confrontation.

Generally, state court evidentiary rulings rarely are grounds for habeas relief because such rulings are matters of state law given to the broad discretion of state trial judges. Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir. 1990). See also Jones v. Thieret, 846 F.2d 457, 459 (7th Cir. 1988). Review of state evidentiary rulings in a habeas proceeding is limited to when the error either denied the petitioner a specific constitutional right or resulted in a denial of fundamental fairness. United States ex rel. Clark v. Fike, 538 F.2d 750, 757 (7th Cir. 1976). When a petitioner claims that an error violated his general right to a fair trial, the petitioner must demonstrate that any resulting prejudice amounted to the likelihood that an innocent person was convicted. United States ex rel. Gonzalez v. DeTella, 918 F. Supp. 1214, 1220 (N.D. Ill. 1996). See also Thompkins v. Cohen, 965 F.2d 330, 333 (7th Cir. 1992); Cramer v. Fahner, 683 F.2d 1376, 1385.

In this case, petitioner claims that he was denied his Sixth Amendment right to be confronted with the witnesses against him. The Confrontation Clause guarantees the right of the

5

accused to "be confronted with the witnesses against him." U.S. Const. amend. VI. We review de novo an evidentiary ruling that affects a defendant's Sixth Amendment right to confront witnesses. United States v. Scott, 145 F.3d 878,888 (7th Cir. 1998). A violation of the confrontation Clause is subject to harmless error analysis. Scott, 145 F.3d at 888.

We find that the admission of Alfonsa W.'s statement to Detective Cornelison did not violate the Confrontation Clause. Petitioner claims that the introduction of the conversation between Cornelison and Alfonsa W. was prejudicial and violated his right to confrontation because it was only through her statement to police that the purse was made relevant to the offense. Petitioner's argument, however, ignores the facts of this case. After the statement of Alfonsa W. to Detective Cornelison, Cornelison then took the purse back to the petitioner, who was in custody, whereupon petitioner identified the purse as one of the articles that was taken from the victim during the robbery. Petitioner is mistaken in his petition when he states that "it was prejudicial error that deprived defendant of a constitutionally fair trial, to allow the purse itself into evidence, based on the above-stated hearsay foundation alone." The purse was admitted into evidence based upon Alfonsa W.'s statement to Detective Cornelison and also upon the fact that petitioner in his confession identified the purse as one of the articles taken from the victim during the robbery.

Moreover, we find, as did the Illinois Appellate Court, that any error in admitting Alfonsa W.'s statement to Detective Cornelison into evidence was harmless error. The purse was identified by the petitioner himself as the proceeds of the robbery. The evidence did not stand alone but was corroborated by the petitioner. Petitioner was given a full and fair opportunity to cross-examine Cornelison regarding how he obtained the purse, but given the fact that the

petitioner had identified the purse as one which he took during the course of the robbery, such a tactic would seem fruitless. Thus, the court's evidentiary ruling did not deprive the petitioner of a fair trial, and petitioner has not shown that the alleged error was a crucial factor in the outcome of the case.

For these reasons, we reject petitioner's argument that his right to confrontation and right to a fair trial were denied by the trial court's rulings. Petitioner has failed to sustain his burden of showing that he was deprived of a fair trial in light of the overwhelming evidence from witnesses, co-defendants and a confession from the petitioner.

II. Petitioner's Statements

The second issue raised by petitioner is whether the trial court improperly denied his motion to suppress his statements obtained as a result of an arrest made without a warrant and, as he claims, without probable cause or exigent circumstances. Petitioner claims that the State failed to establish that probable cause existed to arrest him and, therefore, his arrest was illegal. In order to properly address petitioner's second issue, an examination of the petitioner's arrest must be made to determine its legality.

The Fourth Amendment of the United States Constitution requires an arrest to be supported by probable cause. Probable cause exists when the facts and circumstances known to the officer would warrant a person of reasonable caution to believe that the accused has committed the crime in question. Foreman v. Richmond Police Department, 104 F.3d 950 (7th Cir. 1990). See also People v. Chavez, 228 Ill.App.3d 54, 69, 592 N.E.2d 69, 80 (2nd Dist. 1992).

It is well established that a finding of probable cause for a warrantless arrest can be based upon hearsay received from an informant. See Edwards v. Cabrera, 861 F. Supp. 664 (1994).

Moreover, when the informant is a private citizen, it is unnecessary for the information obtained from the informant to be independently corroborated or for the informant's prior reliability to be established so long as there is a fair probability that a crime is being, or has been, committed. People v. Early, 212 Ill.App.3d 457. See also Edwards, 861 F. Supp. at 677.

In this case, the arresting officers received information from Mary M., a citizen informant, that she had been told by Alfonse W., petitioner's girlfriend, that petitioner, Ramey and White entered an apartment building at Jackson and Homan streets and bound, gagged and beat the resident in the course of a robbery. Mary M.'s information was corroborated by White's statements to investigating officers that Ramey and the petitioner entered an apartment at Jackson and Homan streets to commit a robbery while White remained in the car. Based on the evidence presented at the hearing on petitioner's motion to quash the arrest and suppress evidence, the facts and the circumstances within the arresting officer's knowledge were sufficient to support a finding of probable cause.

Moreover, the trial court provided the petitioner with a full and fair opportunity to litigate the issue. When the State has provided an opportunity for full and fair litigation of a petitioner's Fourth Amendment claims, his federal habeas petition must be denied. Stone v. Powell, 428 U.S. 465 (1976). An opportunity for a full and fair litigation "has been provided when (1) the prisoner has "clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of . . . [his] Fourth Amendment rights and (2) the state has carefully and thoroughly analyzed the facts and [(3)] applied the proper constitutional case law to the facts." Weber v. Murphy, 15 F.3d 691, 694 (7th Cir. 1994). See also Pierson v. O'Leary, 959 F.2d 1385, 1391 (7th Cir. 1992).

In this case, the petitioner was afforded an opportunity to inform the state court of the factual basis for his claim that no probable cause existed for his arrest. In this case, the petitioner presented a written motion to quash his arrest and suppress evidence. Moreover, the trial court conducted an extensive suppression hearing prior to trial in which both the petitioner and the State were afforded opportunities to present evidence concerning the encounter between the petitioner and the police from the point of first contact until he gave his confession. There was no limitation on the petitioner's ability to present evidence. Thus, it is clear that the petitioner was given an opportunity to inform the state court of the factual basis for his claim and to argue that his Fourth Amendment rights were violated. For these reasons, we find that the petitioner was given a full and fair opportunity to litigate the issue regarding his arrest in the state court.

Moreover, it appears from the record that the state court carefully and thoroughly analyzed the facts and applied the proper constitutional law to the facts. The relevant facts found by the trial court were that a citizen informant provided the police officers with information linking the petitioner to the crime. This information was independently corroborated by statements made by the lookout driver, Lorenzo White. We find no reason to doubt that the state court carefully and thoroughly analyzed the facts and properly applied the law to the facts.

For these reasons, we find that the petitioner's confession was not tainted because of an illegal arrest and that the trial court properly denied petitioner's motion to suppress his statements.

## CONCLUSION

For the foregoing reasons, we deny the § 2254 habeas corpus petition of petitioner Robert Jernigan. This case is hereby terminated. This a final and appealable order.

It is so ordered.

                                              Wayne R. Andersen
                                              United States District Judge

Dated: August 8, 2000